# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
AMERICAN SELECT INSURANCE COMPANY

### DEFENDANTS
AMAZON.COM INC. and EASYRC

**(b)** County of Residence of First Listed Plaintiff: **MEDINA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **KING**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
de LUCA LEVINE LLC, 301 E. Germantown Pike, 3rd Floor, East Norriton, PA 19401 Ph: 215-383-0081

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*   Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [x] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 6/2/23

SIGNATURE OF ATTORNEY OF RECORD: s/ Matthew Connolly

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **AMERICAN SELECT INSURANCE COMPANY**<br>One Park Circle<br>Westfield Center, OH  44251-5001<br><br>　　　　**Plaintiff**<br>　v.<br><br>**AMAZON.COM INC.**<br>410 Terry Avenue N.<br>Seattle, WA 98109,<br><br>　　　And<br><br>**EASYRC**<br>553 Capital Cir SW, Unit 4<br>Tallahassee, FL 32304-3669<br><br>　　　　**Defendants** | Civil Action No: 2:23-cv-11327<br><br>Judge<br><br>**JURY DEMAND ENDORSED HEREON** |

## COMPLAINT

Plaintiff, by and through its undersigned counsel, hereby demands judgment against Defendants and complains against them as follows:

## PARTIES

1. Plaintiff, American Select Insurance Company ("ASIC"), is an insurance company, organized under the laws of the state of Ohio with its principal place of business located at the above address.

2. At all times relevant hereto, ASIC was duly authorized to engage in the business of, *inter alia*, property insurance in Michigan.

3. At all times relevant hereto, ASIC provided property insurance to Jennifer Vidican ("Ms. Vidican" or "Subrogor") in connection with her property located at 2273 Malena Lane, Oxford, MI 48371 ("the subject property") under a policy of insurance that was in full force and effect at all relevant times.

4. Defendant, Amazon.com Inc. ("Amazon" or collectively as "Defendants"), was at all relevant times, a corporation organized and existing under the laws of the State of Delaware, with its headquarters and principal place of business located at 410 Terry Avenue N, Seattle, WA 98109.

5. Amazon is in the business of, *inter alia*, selling, distributing, marketing, and/or delivering a variety of products to consumers, including the Eazyrc EAZ11807 Glacier 1/18 RTR Scale Mini Crawler radio-controlled car ("the subject RC car"), which included a lithium ion battery ("the subject battery"), and was sold by Amazon prior to the fire as more fully described below.

6. Defendant EASYRC, upon information and belief, was at all relevant times a company with its headquarters and principal places of business both located at 553 Capital Cir SW, Unit 4, Tallahassee, FL 32304-3669.

7. EASYRC, upon information and belief, is in the business of, *inter alia*, selling, distributing, marketing, assembling, installing and/or delivering a variety of products to consumers, including the subject RC car and the subject battery which were sold prior to the fire as more fully described below.

## JURISDICTION AND VENUE

8. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states, and the Plaintiff is not a legal citizen or resident of any of the states and jurisdictions where any of the Defendants are legal citizens or residents. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

9. This Court has personal jurisdiction over this matter because Defendants purposefully availed themselves of the benefit of the laws of this jurisdiction by regularly transacting and/or conducting business herein.

10. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

11. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

12. On or about February, 2022, Sean Vidican, Jennifer Vidican's son, purchased the subject RC car from Amazon.

13. Sean Vidican used the subject RC car and the subject battery for its intended purposes without incident from approximately February 11, 2022 through May 11, 2022.

14. Sean Vidican did not experience any problems with the functionality of the subject RC car or the subject battery prior to the date of the subject fire.

15. On May 11, 2022, while the subject battery was charging at the subject property, the subject battery malfunctioned, catastrophically failed and caused a fire that led to extensive damage to Jennifer Vidican's real and personal property, as well as the imposition of additional expenses and hardship besides, which was directly and proximately caused by the Defendants as is further and more fully described below.

16. ASIC reimbursed Ms. Vidican for such damages in accord with the terms and conditions of the aforementioned insurance policy, and now seeks reimbursement for such damages against the responsible parties.

## COUNT I
## ASIC v. AMAZON
## NEGLIGENCE

17. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

18. The aforementioned damages were the direct and proximate result of the negligence and carelessness of Amazon, by and through its employees, agents, technicians, vendors, subcontractors, and/or servants, more specifically described as follows:

    a. failing to exercise reasonable care in the following manner:

        i. failing to properly sell, inspect, test, distribute and/or market a functioning product that was free of defects;

        ii. failing to properly determine that the subject RC car and the subject battery and/or its component parts were free of defects and/or in compliance with applicable safety standards;

        iii. failing to provide safe and adequate warnings or instructions with the subject RC car and the subject battery;

        iv. selling, inspecting, testing, distributing and/or marketing the subject battery when Amazon knew or should have known that the subject RC car and the subject battery and/or its component parts would be defective and unreasonably dangerous; and/or

        v. failing to do the necessary due diligence as to the company that sold and/or manufactured the subject RC car and the subject battery, so as to ensure that Amazon was marketing, selling and/or distributing a safe product that was free from dangerous defects.

5

    b. failing to adequately instruct, supervise and/or train servants, employees and agents, and/or suppliers as to the proper ways to perform the tasks set forth in subparagraph (a);

    c. failing to adequately warn others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

    d. failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

    e. failing to properly monitor the work of all servants, agents, employees and/or suppliers to prevent the omissions and errors set forth in subparagraph (a) above;

    f. failing to retain competent, qualified and/or able agents, employees, servants and/or suppliers to perform the tasks set forth in subparagraph (a) above;

    g. failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

    h. violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

19. As a direct and proximate result of such negligent conduct, Ms. Vidican sustained and incurred the aforementioned damages in excess of $75,000.00.

**WHEREFORE**, Plaintiff respectfully requests judgment against Amazon in an amount in excess of $75,000.00, plus costs incident to this suit, delay damages, interest, attorney fees, and such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II
## ASIC v. EASYRC
## NEGLIGENCE

20. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

21. The aforementioned damages were the direct and proximate result of the negligence and carelessness of EASYRC, by and through employees, agents, technicians, vendors, subcontractors, and/or servants, more specifically described as follows:

    a. failing to exercise reasonable care in the following manner:

        i. failing to design, assemble, manufacture, sell, inspect, test, distribute and/or market a properly functioning product;

        ii. failing to properly determine that the subject RC car and subject battery and/or its component parts were not in compliance with applicable standards;

        iii. failing to provide safe and adequate warnings or instructions with the subject RC car and subject battery; and/or

        iv. designing, assembling, manufacturing, selling, inspecting, testing, distributing and/or marketing the subject RC car and subject battery when they knew or should have known that the subject product and/or its component parts would be defective and unreasonably dangerous.

    b. failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

c. failing to adequately warn others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

d. failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

e. failing to properly monitor the work of all servants, agents, employees, subcontractors and suppliers to ensure compliance with applicable safety procedures;

f. failing to retain competent, qualified and/or able agents, employees, servants, subcontractors and suppliers to perform the tasks set forth in subparagraph (a) above and to avoid the sale and distribution of unsafe products;

g. failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

h. violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

22. As a direct and proximate result of such negligent conduct, Ms. Vidican sustained and incurred the aforementioned damages in excess of $75,000.00.

**WHEREFORE**, Plaintiff respectfully requests judgment against EASYRC, individually, and/or jointly and severally, in an amount in excess of $75,000.00, plus costs incident to this suit, delay damages, interest, attorney fees, and such other relief as this Honorable Court shall deem appropriate under the circumstances.

# COUNT III
## ASIC v. AMAZON
## BREACH OF EXPRESS AND IMPLIED WARRANTIES

23. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

24. Amazon expressly and/or impliedly warranted to the purchaser, user and public that the subject RC car and subject battery charger, were free from defects and of merchantable quality; reasonably fit for the purpose for which they were intended in the ordinary and reasonable use thereof; and reasonably fit for the particular purposes for which they were purchased.

25. Amazon breached its express and/or implied warranties in that the subject RC car and subject battery were not free from defects, not of merchantable quality, not reasonably fit for the purpose for which they were intended in the ordinary and reasonable use thereof, and not reasonably fit for the particular purpose for which they were purchased.

26. Amazon knew that the purchaser, user and public were relying on Amazon's individual and collective expertise, skill and judgment in furnishing such goods to meet these warranties.

27. The incident at issue, and the damages and losses sustained resulted directly and proximately from Amazon's breach of these expressed and/or implied warranties, for which claim is hereby made.

28. Plaintiff and Jennifer Vidican have met any and all conditions precedent to recovery for such breaches.

**WHEREFORE**, Plaintiff respectfully requests judgment against Amazon, individually, and jointly and severally, in an amount in excess of $75,000.00, plus costs incident to this suit, delay damages, interest, attorney fees, and such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT IV
## ASIC v. EASY RC
## BREACH OF EXPRESS AND IMPLIED WARRANTIES

29. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

30. EASYRC expressly and/or impliedly warranted to the purchaser, user and public that the subject RC car and subject battery charger, were free from defects and of merchantable quality; reasonably fit for the purpose for which they were intended in the ordinary and reasonable use thereof; and reasonably fit for the particular purposes for which they were purchased.

31. EASYRC breached its express and/or implied warranties in that the subject RC car and subject battery were not free from defects, not of merchantable quality, not reasonably fit for the purpose for which they were intended in the

ordinary and reasonable use thereof, and not reasonably fit for the particular purpose for which they were purchased.

32. EASYRC knew that the purchaser, user and public were relying on EASYRC's individual and collective expertise, skill and judgment in furnishing such goods to meet these warranties.

33. The incident at issue, and the damages and losses sustained resulted directly and proximately from EASYRC's breach of these expressed and/or implied warranties, for which claim is hereby made.

34. Plaintiff and Ms. Vidican have met any and all conditions precedent to recovery for such breaches.

**WHEREFORE**, Plaintiff respectfully request judgment against EASYRC, individually, and jointly and severally, in an amount in excess of $75,000.00, plus costs incident to this suit, delay damages, interest, attorney fees, and such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT V
ASIC v. AMAZON
STRICT LIABILITY**

35. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though the same were set forth at length herein.

36. The subject RC car and subject battery were not abused, misused or altered in any manner from the condition in which it was supplied by the Defendant.

37. The Defendant is liable, and legally responsible, to the Plaintiff for the damages caused by the fire by virtue of Michigan Compiled Laws, Section 600.2946, et seq. (Act 236 of 1961, Section 29) in one or more of the following respects:

    (a) the subject RC car and the subject battery were in a defective and unreasonable dangerous condition;

    (b) the Defendant sold the subject RC car and the subject battery in a condition that it knew, or should have known, subjected the property of others to foreseeable and unreasonable risk of harm;

    (c) the Defendant sold the subject RC car and the subject battery in a condition that was neither merchantable or fit for the purpose for which such products are ordinarily and foreseeably used;

    (d) the Defendant failed to provide proper and adequate warnings regarding the hazards associated with the foreseeable and ordinary use the subject RC car and subject battery;

    (e) the Defendant was negligent in failing to properly and adequately test and/or service the subject RC car and subject battery chair prior to selling them; and

38. As a direct result of the Defendant's liability pursuant to Michigan Compiled Laws, Section 600.2947 (Act 236 of 1961, Section 29), the fire of May 11, 2022 occurred, resulting in damages to Ms. Vidican's real and personal property.

**WHEREFORE**, Plaintiff respectfully requests judgment against Amazon, individually, and jointly and severally, in an amount in excess of $75,000.00, plus costs incident to this suit, delay damages, interest, attorney fees, and such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT VI
## ASIC V. EASYRC
## STRICT LIABILITY

39. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though the same were set forth at length herein.

40. The subject RC car and subject battery were not abused, misused or altered in any manner from the condition in which it was supplied by the Defendant.

41. The Defendant is liable, and legally responsible, to the Plaintiff for the damages caused by the fire by virtue of Michigan Compiled Laws, Section 600.2946, et seq. (Act 236 of 1961, Section 29) in one or more of the following respects:

13

  (a) the subject RC car and the subject battery were in a defective and unreasonable dangerous condition;

  (b) the Defendant sold the subject RC car and the subject battery in a condition that it knew, or should have known, subjected the property of others to foreseeable and unreasonable risk of harm;

  (c) the Defendant sold the subject RC car and the subject battery in a condition that was neither merchantable or fit for the purpose for which such products are ordinarily and foreseeably used;

  (d) the Defendant failed to provide proper and adequate warnings regarding the hazards associated with the foreseeable and ordinary use the subject RC car and subject battery;

  (e) the Defendant was negligent in failing to properly and adequately test and/or service the subject RC car and subject battery chair prior to selling them; and

  42. As a direct result of the Defendant's liability pursuant to Michigan Compiled Laws, Section 600.2947 (Act 236 of 1961, Section 29), the fire of May 11, 2022 occurred, resulting Plaintiff's damages.

  **WHEREFORE**, Plaintiff respectfully requests judgment against EASYRC, individually, and jointly and severally, in an amount in excess of $75,000.00, plus costs incident to this suit, delay damages, interest, attorney fees, and such other relief as this Honorable Court shall deem appropriate under the circumstances.

                        Respectfully Submitted,

**BY:** **s/ Matthew Connolly**
MATTHEW CONNOLLY, ESQ.
de LUCA LEVINE LLC
301 E. Germantown Pike, 3rd Floor
East Norriton, PA 19401
(215) 310-5222
mconnolly@delucalevine.com

Maxwell Goss (P78594)
MAXWELL GOSS, PLLC
32400 Telegraph Road, Ste. 103
Bingham Farms, Michigan 48025
(248) 266-5879
max@maxwellgoss.com

Dated: June 2, 2023